FILED
July 20, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003643389

J. RUSSELL CUNNINGHAM, State Bar #130578
J. LUKE HENDRIX, State Bar #271424
DAVID R. WIKSELL, State Bar #272490
DESMOND, NOLAN, LIVAICH & CUNNINGHAM
1830 15th Street
Sacramento, California 95811
Telephone: (916) 443-2051
Facsimile: (916) 443-2651

Attorneys for Susan Didriksen
Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re:

STEVEN RAY LONG

Debtors.

Case No. 10-30583-D-7
Chapter 7

DNL-13

Date: July 27, 2011
Time: 10:00 a.m.
Location: 501 I Street, 6th Floor
Court Room 34
Sacramento, CA 95814

## MOTION FOR AUTHORITY TO SELL REAL PROPERTY

SUSAN DIDRIKSEN ("Trustee") hereby moves for authority to sell real property commonly known as 49xx (apr) S. Wintersburg Road, Tonopah, AZ, APN 506-43-002-L ("Subject Property"), as-is, where-is, to Dustin Seager (hereinafter "Buyer") for $20,000, free and clear of liens, encumbrances, and claims of interest of: (1) Ljiljana Udovicic IRA; (2) Mirko Hladni IRA; (3) Draga Katic IRA; (4) Jack Vollmer IRA; (5) Kenneth Strickhouser IRA; (6) Theresa Gelotti IRA; (7) James Ours IRA; (8) Katarina Cigic IRA; (9) Joseph Cigic; (10) James B. Richard IRA; and (11) Mirko Hladni, pursuant to 11 U.S.C. Section 363(f)(4) (hereinafter collectively "Claimants"). The sale shall be subject to Bankruptcy Court approval and overbidding at the sale hearing. In support thereof, Trustee respectfully represents the following:

1.   This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and

1

1334. Venue is proper in this District pursuant to 28 U.S.C. § 1409. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(N).

2. Trustee has provided parties with 14-days notice of this Motion pursuant to Local Rule 9014-1(f)(2), and 21-days notice pursuant to Federal Rule of Bankruptcy 2002(a)(2).

3 On April 23, 2010, STEVEN RAY LONG ("Debtor") commenced this Chapter 7 case by filing a voluntary petition. Trustee is the duly appointed Chapter 7 trustee.

4. On June 1, 2011, the Court entered an order granting Trustee's motion to sell 5203 S. 361st Lane, Tonopah, AZ, APN 506-42-005-m (DNL-11) and Trustee's motion to sell 5315 S. 361st Ave, Tonopah, AZ, APN 506-42-005-J (DNL-12) free and clear of certain third party interests in the properties pursuant to 11 U.S.C. Section 363(f)(4). Trustee disputed the validity of the third party interests in the properties on the grounds that the interests were conveyed by Debtor's affiliates Cascade Construction ("Cascade Construction") and Integrity Financial Arizona, LLC ("IFAZ"), rather than Debtor, and Debtor's affiliates never had any interest in the properties to convey as title to the properties was held by Debtor, not his affiliates.

5. Among the assets of the estate is the Subject Property. Debtor's Schedule A, filed May 4, 2010, lists secured claims on the Subject Property in the amount of $774,000. The Subject Property is a vacant lot with no improvements.

6. As part of her investigation regarding the status of the Subject Property, Trustee had a preliminary title report issued on the Subject Property by Equity Title Agency, Inc. The preliminary title report lists the following interests in the Subject Property: (1) a deed of trust issued by IFAZ to Ljiljana Udovicic IRA, dated December 17, 2008 and recorded December 26, 2008, to secure indebtedness in the amount of $50,000; (2) a deed of trust issued by IFAZ to Mirko Hladni IRA, dated December 8, 2008 and recorded December 26, 2010, to secure indebtedness in the amount of $121,137.18; (3) a deed of trust issued by IFAZ to Draga Katic IRA, dated December 9, 2008 and recorded December 26, 2008, to secure indebtedness in the amount of $25,013.23; (4) a deed of trust issued by IFAZ to Jack Vollmer IRA, dated December 9, 2008 and recorded December 26, 2008, to secure indebtedness in the amount of $39,528.28; (5) a deed of trust issued by IFAZ to Kenneth Strickhouser IRA, dated December 29, 2008 and

recorded January 6, 2009, to secure indebtedness in the amount of $42,116.05; (6) a deed of trust issued by IFAZ to Theresa Gelotti IRA, dated December 9 2008 and recorded January 9, 2009, to secure indebtedness in the amount of $4,588.90; (7) a deed of trust issued by IFAZ to James Ours IRA, dated December 16, 2008 and recorded January 9, 2009, to secure indebtedness in the amount of $77,764.89; (8) a deed of trust issued by IFAZ to Katarina Cigic IRA, dated January 8, 2009 and recorded January 12, 2009, to secure indebtedness in the amount of $34,027.33; (9) a deed of trust issued by IFAZ to Joseph Cigic, dated January 9, 2009 and recorded January 12, 2009, to secure indebtedness in the amount of $100,000; (10) a deed of trust issued by IFAZ to James B. Richard IRA, dated May 8, 2008 and recorded February 18, 2009, to secure indebtedness in the amount of $8,542.23; and (11) a deed of trust issued by IFAZ to Mirko Hladni, dated February 25, 2009 and recorded March 4, 2009, to secure indebtedness in the amount of $150,000.00.

7. The preliminary title report notes that title to the Subject Property is currently held by Trustee, as successor to Debtor, and Debtor's spouse Laureen Long by way of a warranty deed recorded May 16, 2006. The warranty deed was executed on May 11, 2006, and it declares that title to the Subject Property was accepted by Debtor and his spouse Laureen Long as community property with right of survivorship. The title report does not note any transfers of interest in the Subject Property to IFAZ prior to or after the deeds of trust issued by IFAZ to the Claimants.

8. On April 11, 2011, the Court entered an order approving Trustee's employment of Coldwell Banker Residential Brokerage Southwest ("Broker") to assist in the sale of the Subject Property pursuant a listing agreement providing Broker compensation in the amount of 6% of the sale price for the Subject Property.

9. Trustee and Buyer have entered into a purchase and sale agreement for the sale of the Subject Property. The essential terms of the purchase contract consist of the following: (a) Buyer shall accept the Subject Property in "as is" condition; (b) the purchase price is $20,000; (c) Buyer will tender $1,000 of earnest money into Escrow with Equity Title Agency, Inc.; and (d)

Buyer's purchase of the Subject Property is subject to Bankruptcy Court approval and overbidding at the sale hearing.

10. Pursuant to 11 U.S.C. § 363(b)(1), Trustee can sell, other than in the ordinary course of business, property of the estate after notice and a hearing. Moreover, pursuant to 11 U.S.C. § 363(f)(4), Trustee can sell property of the estate free and clear of any interest in such property of an entity other than the estate if such interest is a bona fide dispute. The court is not required to resolve the underlying dispute as a condition to authorizing the sale under section 363(f)(4). *In re Oneida Lake Development, Inc.*, 114 B.R. 352, (Bankr. N.D.N.Y. 1990) (sale free and clear of liens justified under theory of bona fide dispute even though the debtor in possession had not commenced an adversary proceeding to set aside the liens).

11. In the case at bar, Trustee disputes the validity of the interests in the Subject Property purportedly held by the Claimants as each of the deeds of trust issued to the Claimants was issued by IFAZ, and IFAZ did not have any interest in the Subject Property to convey. The purported interests in the Subject Property held by the Claimants are the product of wild deeds of trust issued on the Subject Property by IFAZ. Each of the deeds of trust issued to the Claimants was issued during the period of May 8, 2008 through and including January 9, 2009. However, Trustee's preliminary title report notes that since Debtor's warranty deed recorded May 16, 2006, title to the Subject Property has been held by Debtor and his spouse. Moreover, Trustee's independent review of the Maricopa County Recorder's Office has failed to reveal any interest in the Subject Property ever being transferred to IFAZ. At the time of each of the purported transfers of the Subject Property to the Claimants, IFAZ did not have any interest to convey. Thus, since IFAZ had no interest in the Subject Property, no interest passed by execution of any of the wild deeds of trust issued to the Claimants. See *Light v. State Bar,* 14 Cal. 2d 328, 333 (1939) (wild deed has no foundation from legal standpoint and conveys no interest); *In re Hayes,* 393 B.R. 259, 270 (Bankr. D. Mass. 2008) (relief from stay denied because movant seeking relief from stay failed to show that it ever had any interest in the note at issue).

12. Here, approving the sale is in the best interests of the estate because the sale

price approximates fair market value, and the estate will receive the sale proceeds in excess of the costs of the sale. The Subject Property has been listed on the market since April 2011, but Trustee has not received any offers for the Subject Property other than the offer that is the subject of this motion. Moreover, on the advice of Broker, Trustee originally listed the Subject Property for $15,500; the sale price exceeds the list price by $4,500. Trustee should be allowed to sell the Subject Property free and clear of the above-referenced interests because Trustee has established the existence of a bona fide dispute as to the validity of such interests. *In re Octagon Roofing*, 123 B.R. 583, 590 (N.D. Ill. 1991) (trustee established existence of bona fide dispute as to validity of creditor's mortgage so sale of the property could proceed free and clear of the creditor's interest).

**WHEREFORE** Trustee prays that,

(1) The motion be granted,

(2) Broker's 6% commission fee be allowed as an administrative expense of the estate, and that the commission fee be paid out of escrow funds from the sale of 49xx S. Wintersburg Road, Tonopah, AZ, APN 506-43-002-L.

(3) Such other and further relief as the Court deems necessary and proper.

Dated: July 6, 2011          DESMOND, NOLAN, LIVAICH & CUNNINGHAM

By: _____
J. LUKE HENDRIX
Attorneys for Susan Didriksen
Chapter 7 Trustee